UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON L. CLINE, | CASE NO. 3:15-CV-05395-RBL-DWC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | Noting Date: March 18, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Jason L. Cline filed this matter seeking judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits.

After reviewing the record, the Court concludes the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of examining physician Dr. Mark Heilbrunn. The ALJ also failed to include a standing/walking limitation in the residual functional capacity ("RFC") assessment. Had the ALJ properly considered all the evidence, the RFC may have included additional limitations, including the additional

1 standing/walking limitation. The ALJ's errors are therefore not harmless and the Court

2 recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C.

3 §405(g) to the Acting Commissioner for further proceedings consistent with this Report and

4 Recommendation.

5                               FACTUAL AND PROCEDURAL HISTORY

6          On September 7, 2011, Plaintiff filed an application for disability insurance benefits

7 alleging disability as of April 29, 2002. *See* Dkt. 9, Administrative Record ("AR") 12. The

8 application was denied upon initial administrative review and on reconsideration. *See id*. A

9 hearing was held before Administrative Law Judge ("ALJ") Scott Morris on July 22, 2013. *See*

10 AR 29-54. At the hearing, Plaintiff amended his alleged onset date to January 5, 2010. AR 34. In

11 a decision dated September 26, 2013, the ALJ determined Plaintiff to be not disabled. *See* AR

12 12-24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council,

13 making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1-

14 6; 20 C.F.R. § 404.981, § 416.1481.

15          Plaintiff maintains the ALJ erred by failing to: (1) properly consider the opinion of

16 examining physician Dr. Mark Heilbrunn, M.D.; (2) include all Plaintiff's standing/walking

17 limitations in the residual functional capacity assessment;[1] and (3) properly evaluate Plaintiff's

18 ability to perform his past relevant work. Dkt. 11, p. 1.

19                               STANDARD OF REVIEW

20          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21 social security benefits if the ALJ's findings are based on legal error or not supported by

22 

23          [1] Plaintiff frames the second issue as: the ALJ erred in rejecting the opinion of examining physician Dr. Joel Krakauer, M.D. because the ALJ gave "some weight" to Dr. Krakauer's opinion finding Plaintiff could not

24 stand for more than 30 minutes at a time, yet did not include the limitation in the RFC. *See* Dkt. 11, pp. 6-7.

1    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2    Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3                           <u>DISCUSSION</u>

4    **I.**       **Whether the ALJ erred by rejecting portions of examining physician Dr. Mark Heilbrunn's opinion.**

5

6          Plaintiff contends the ALJ erred by giving less weight to portions of examining physician

   Dr. Mark Heilbrunn's opinion. Dkt. 11, pp. 2-6. Specifically, Plaintiff alleges the ALJ erred by

7    rejecting Dr. Heilbrunn's opinion finding Plaintiff needed to elevate his right leg while seated.

8    *Id.*[2]

9          The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

10    opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

11    1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

12    502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

13    opinion can be rejected "for specific and legitimate reasons that are supported by substantial

14    evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

15    1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

16    accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

17    clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

18    F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

19          Dr. Heilbrunn completed a physical assessment of Plaintiff on November 14, 2011. AR

20    393-98. He opined, in relevant part, Plaintiff "would be able to function in a sedentary position,

21

22

23    [2] Plaintiff also alleges the ALJ erred by giving significant weight to Dr. Heilbrunn's opinion that Plaintiff can stand for only 15-20 minutes uninterrupted, but not including this limitation in the RFC. Dkt. 11, p. 2. The Court will discuss this argument in Section II of this Report and Recommendation.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1    with the right leg elevated, and using his hands/arms for all manipulative functions." AR 398.

2    The ALJ discussed Dr. Heilbrunn's opinion and rejected:

> Dr. Heilbrunn's statement that the claimant could function in a sedentary position with his right leg elevated because (1) it appears to be based primarily based (sic) on the claimant's subjective reports of his symptoms, which as previously discussed are not always credible. (2) Moreover, there is no evidence to support that the claimant needs to elevate his right leg and no other doctor in the record has expressed such a limitation. (3) In addition, Dr. Heilbrunn's evaluation was conducted a couple months after the claimant's date last insured expired.

8    AR 21 (numbering added).

9        First, the ALJ rejected Dr. Heilbrunn's opinion finding Plaintiff needed to elevate his

10    right leg because it was based on Plaintiff's subjective complaints. AR 21. An ALJ may reject a

11    physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been

12    properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)

13    (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation

14    is distinguishable from one in which the doctor provides his own observations in support of his

15    assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200

16    (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an

17    examining physician's opinion by questioning the credibility of the patient's complaints where

18    the doctor does not discredit those complaints and supports his ultimate opinion with his own

19    observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an

20    opinion is not more heavily based on a patient's self-reports than on clinical observations, there

21    is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th

22    Cir. 2014) (*citing Ryan*, 528 F.3d at 1199-1200).

23

24

During the physical assessment, Dr. Heilbrunn interviewed Plaintiff, conducted a thorough physical examination, and noted his observations of Plaintiff. *See* AR 393-98. Dr. Heilbrunn did not discredit Plaintiff's subjective reports, and supported his ultimate opinion with a physical examination and his own observations. *See* AR 393-98. Additionally, the Court notes the ALJ failed to explain why he concluded Dr. Heilbrunn based the leg elevation limitation primarily on Plaintiff's subjective reports. *See* AR 21. The Court cannot determine if the ALJ's reasoning is supported by substantial evidence without a more detailed explanation from the ALJ. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). As Dr. Heilbrunn based his opinion of Plaintiff's limitations on a combination of personal observations, a physical examination and Plaintiff's subjective report, the Court concludes the ALJ's first reason for rejecting Dr. Heilbrunn's leg elevation limitation is not specific and legitimate and supported by substantial evidence.

Second, the ALJ rejected a portion of Dr. Heilbrunn's opinion because there is no evidence to support limiting Plaintiff to sedentary work with his right leg elevated and no other doctor opined to this limitation. AR 21. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, a conclusory statement finding an opinion is inconsistent with the overall record is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22. Here, the ALJ found there is no evidence to support Dr. Heilbrunn's finding. AR 21. However, the ALJ failed to identify any specific evidence contained within the record which failed to support finding Plaintiff needs to elevate his right leg. Without more, the ALJ has

1  failed to meet the level of specificity required, and the ALJ's conclusory statement finding the

2  evidence does not support Dr. Heilbrunn's opinion is insufficient. *See McAllister v. Sullivan*, 888

3  F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion because it was

4  contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ

5  felt the treating physician's opinion was flawed").

6          Further, the ALJ cannot reject Dr. Heilbrunn's opinion simply because no other doctor in

7  the record expressed the same limitation. *See Lester*, 81 F.3d at 830-31 (when an examining

8  physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate

9  reasons that are supported by substantial evidence in the record"). Other doctors in the record

10  were silent as to Plaintiff's need to elevate his right leg. *See AR 21*. The ALJ did not explain

11  why he found the lack of discussion from Plaintiff's other doctors more persuasive than Dr.

12  Heilbrunn's opinion. Without an explanation as to why Dr. Heilbrunn's opinion is less credible

13  than "other doctor[s] in the record," the Court cannot determine if the ALJ's reasoning is specific

14  and legitimate and supported by substantial evidence. *See Garrison*, 759 F.3d at 1012-13 (an

15  ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without

16  explanation another medical opinion is more persuasive); *See Blakes*, 331 F.3d at 569.

17          Third, the ALJ rejected portions of Dr. Heilbrunn's opinion because his evaluation was

18  "conducted a couple of months after [Plaintiff's] date last insured expired." AR 21. Medical

19  reports "containing observations made after the period for disability are relevant to assess the

20  claimant's disability" during the disability period. *Lester*, 81 F.3d at 832; *Smith v. Bowen*, 849

21  F.2d 1222, 1225 (9th Cir. 1988); *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975).

22  Because such reports "are inevitably rendered retrospectively," they "should not be disregarded

23  solely on that basis." *Smith*, 849 F.2d at 1225 (*citing Bilby v. Schweiker*, 762 F.2d 716, 719 (9th

24

Cir. 1985)). The ALJ provides no explanation for why he finds the timing of the evaluation sufficient to reject portions of Dr. Heilbrunn's opinion. *See* AR 21. As the ALJ cannot disregard Dr. Heilbrunn's evaluation because the evaluation occurred after Plaintiff's date last insured, the Court finds the ALJ's third reason for rejecting a portion of Dr. Heilbrunn's opinion is improper.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Heilbrunn's opinion that Plaintiff would be able to function in a sedentary position with his right leg elevated.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

At the ALJ hearing, the vocational expert, Leta Berkshire, testified an individual with Plaintiff's age, education, and RFC would be able to perform his past relevant work as a user support analyst and the jobs of document preparer, table worker, and small parts assembler. AR 22-23. However, Ms. Berkshire testified, if an employee needed to elevate one leg at least 20 minutes out of each hour, the individual would not be able to do any of the identified jobs. AR 53. Had the ALJ properly considered Dr. Heilbrunn's opinion, he may have included an additional limitation in the RFC and hypothetical questions requiring Plaintiff to have one leg elevated while sitting. This additional limitation could have resulted in the vocational expert

finding Plaintiff unable to perform the identified jobs. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**II.      Whether the ALJ erred by failing to include additional standing/walking limitations in the residual functional capacity assessment.**

Plaintiff asserts the ALJ gave significant weight to the standing/walking limitations opined by Dr. Heilbrunn and examining physician Dr. Joel Krakauer, yet failed to include all the limitations in the RFC. *See* Dkt. 11, pp. 2, 6. Defendant does not dispute the ALJ failed to include specific standing/walking limitations in the RFC. *See* Dkt. 12, pp. 3-4.[3] Defendant, however, asserts any error in not finding "Plaintiff's [RFC] further limited by an inability to stand more than twenty minutes at a time" was harmless. *Id.*

Dr. Heilbrunn found Plaintiff could "stand/walk for 15-20 minutes uninterrupted for a maximum of 3-4 hours in an 8-hour day." *See* AR 21. The ALJ gave significant weight to this portion of Dr. Heilbrunn's opinion. AR 21.  Dr. Krakauer found Plaintiff should be limited to 30 minutes of standing at one time for a total of 2 hours in an 8-hour day. AR 21, 375, 378. The ALJ gave Dr. Krakauer's opinion "some weight" and stated the limitations were incorporated into the RFC. AR 20-21.

Defendant maintains the three jobs identified by the vocational expert accommodate Plaintiff's inability to stand for more than 15-20 minutes at one time. Dkt. 12, pp. 3-4.  Neither the ALJ, nor Defendant explains how standing for a total of 2 hours in an 8-hour workday accommodates Plaintiff's inability to stand/walk for more than 15-20 minutes at one time. *See* AR 12-24; Dkt. 12, pp. 3-4. Further, the ALJ did not include this standing/walking limitation in the hypothetical questions posed to the vocational expert. *See* AR 51-52.

---

[3] The Court reviewed the record and also concludes the ALJ erred by failing to include the standing/walking limitations opined by Drs. Heilbrunn and Krakauer in the RFC after giving significant weight to the opinions.

Had the ALJ properly included the additional standing/walking limitations in the RFC, the hypothetical questions posed to the vocational expert would have included the additional limitation and the ultimate disability determination may have changed. Thus, the ALJ's error is not harmless. As the ALJ gave significant weight to the opinions finding Plaintiff cannot stand/walk more than 15-20 minutes at one time, the ALJ shall include this limitation the new RFC on remand.

### III.    Whether the ALJ erred by finding Plaintiff can return to his past relevant work as defined in the Dictionary of Occupational Titles.

Plaintiff also maintains the ALJ erred by finding Plaintiff can perform his past relevant work as defined in the Dictionary of Occupational Titles ("DOT"). Dkt. 11, pp. 7-8. Specifically, Plaintiff contends the ALJ committed harmful error because neither the exertional nor the Specific Vocational Preparation ("SVP") categories of Plaintiff's past work as performed match the DOT listing for "user support analyst." *Id.* Defendant did not address this argument. *See* Dkt. 12.

Regardless of whether the ALJ erred at Step 4, the ALJ committed harmful error when he rejected a portion of Dr. Heilbrunn's opinion and failed to include Plaintiff's standing/walking limitations in the RFC. *See supra* Section I & II. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also reevaluate the findings at Step Four and Step Five to determine if Plaintiff can perform the jobs identified by the vocational expert in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010)

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 9

1  (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert

2  defective when the ALJ did not properly consider a doctor's findings).

3  <u>CONCLUSION</u>

4  Based on the above stated reasons and the relevant record, the undersigned recommends

5  this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

6  Acting Commissioner for further proceedings consistent with this Report and Recommendation.

7  The undersigned recommends judgment be entered for Plaintiff and the case be closed.

8  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

10  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

12  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 18,

13  2016, as noted in the caption.

14  Dated this 26th day of February, 2016.

15

16  David W. Christel

17  United States Magistrate Judge

18

19

20

21

22

23

24